**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6043**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DACEY MAURICE JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:13-cr-00405-TDS-1; 1:16-cv-00198-TDS-LPA)

Submitted: May 28, 2019                                      Decided: June 5, 2019

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Dacey Maurice Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dacey Maurice Jones appeals the district court's order adopting the magistrate judge's recommendation to dismiss Jones' 28 U.S.C. § 2255 (2012) motion and deny his motions to amend. In its order, the court stated that Jones failed to object to the report and recommendation. On appeal, Jones claims that he never received the report and recommendation.

A party who fails to timely object in writing to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations by the district court and is barred from contesting those determinations on appeal. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see* 28 U.S.C. § 636(b)(1) (2012). However, the waiver of appellate rights for failing to object is a prudential rule, not a jurisdictional requirement. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). And, when a litigant is proceeding pro se, he must be accorded fair notice of the consequences of failing to object before he is barred from appellate review. *Wright*, 766 F.2d at 846-47.

From the present record, we cannot conclusively determine whether Jones received a copy of the magistrate judge's report and recommendation. Accordingly, we vacate the district court's order and remand for the court to make this determination in the first instance. If the court find Jones' claim to be credible, it should provide him with a copy of the report and recommendation and accord him an opportunity to object. If, however, the court finds that Jones received the report and recommendation, it may reenter its original order, with any necessary modifications.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*